DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, James P. and Sally A. Carter, appeal the decision of the Wayne County Court of Common Pleas awarding summary judgment in favor of appellees, the City of Orrville ("the City"), Loren and Gretchen Raymond, and Thomas Clark. This Court affirms.
 I. {¶ 2} This case arises out of appellants' partial construction of a subdivision and the City's rerouting of two sewer connections to its municipal sewer system. Appellants are the developers of Cross Creek Development, a multi-unit residential development. Orrville required appellants to install a sewer line with sewer laterals on the land that they were developing as Cross Creek. When a lift station failed, the City utilized the connection available through appellants' sewer lines to redirect the connection of adjacent apartment buildings owned by Lauren and Gretchen Raymond and Thomas Clark to the municipal sewer system. Appellants then sued the City and the Raymonds and Clark for, inter alia, claims allegedly arising out of the sewer connection.
 {¶ 3} On July 22, 2002, appellants filed their original complaint against appellees. Appellants asserted constitutional claims against the City, so the City removed the case to the United States District Court for the Northern District of Ohio, Eastern Division, on August 22, 2002. The City filed a motion to dismiss in federal court, and on October 17, 2002, the court entered an order dismissing appellants' federal claims and remanding the matter to the trial court.
 {¶ 4} On March 10, 2003, the City filed its answer to appellants' complaint and asserted a counterclaim against appellants for declaratory judgment, stating that appellants were estopped from denying the City's right to connect the apartment buildings and/or that an express easement between appellants and the City provided such rights to the City. On April 15, 2003, the City filed a motion for judgment on the pleadings with respect to the easement. The trial court denied the City's motion for judgment on the pleadings on May 14, 2003.
 {¶ 5} On July 25, 2003, the City filed a motion to amend its answer to add the statute of limitations as a defense to appellants' claims. The trial court granted the City leave to amend its answer instanter and discovery proceeded. On December 1, 2003, the City filed a motion for summary judgment. Appellants filed a memorandum opposing the City's motion for summary judgment. On April 26, 2004, the trial court granted summary judgment in favor of the City and dismissed the action.
 {¶ 6} On May 25, 2004, appellants filed a notice of appeal of the trial court's judgment entry granting summary judgment to the City. The city subsequently filed a motion to dismiss the appeal for lack of a final appealable order because appellants' claims against the Raymonds and Clark were still pending. This Court dismissed the appeal for lack of a final appealable order.
 {¶ 7} On August 19, 2004, appellants filed a motion for declaration of rights and obligations with respect to the claims for declaratory judgment that had been made by both appellants and the City. The City responded on August 26, 2004. On September 15, 2004, the trial court issued its judgment entry regarding appellants' motion for declaration of rights.
 {¶ 8} On October 6, 2004, appellants again filed a notice of appeal with this Court. However, appellants voluntarily dismissed their appeal on October 28, 2004.
 {¶ 9} On December 16, 2004, appellees Loren and Gretchen Raymond filed a motion for summary judgment. On January 5, 2005, appellee Thomas Clark filed a motion for summary judgment. Appellants responded to the motions for summary judgment. On January 20, 2005, the trial court granted summary judgment in favor of Lauren and Gretchen Raymond and Thomas Clark.
 {¶ 10} Appellants filed a third notice of appeal with this Court on February 16, 2005. On September 26, 2005, this Court dismissed appellants' appeal once again for lack of a final appealable order. On remand, appellants moved the trial court for an order setting forth the rights and obligations of the parties in accordance with this Court's journal entry. The trial court issued a decision on January 10, 2006, and a final order on January 19, 2006.
 {¶ 11} Appellants filed a notice of appeal with this Court on February 16, 2006. The City again filed a motion to dismiss, which this Court denied, reserving the right to revisit the issue at a later time. Appellants present six assignments of error for review. Some assignments of error have been consolidated to facilitate review.
 II. {¶ 12} Appellants' first five assignments of error challenge the trial court's award of summary judgment in favor of Orrville. The sixth assignment of error disputes the award of summary judgment in favor of the Raymonds and Thomas Clark.
 {¶ 13} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the nonmoving party. Viock v. Stowe-WoodwardCo. (1983), 13 Ohio App.3d 7, 12.
 {¶ 14} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 15} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,449.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY GRANTING CITY OF ORRVILLE SUMMARY JUDGMENT FOR THE REASON AN EASEMENT FOR ELECTRICITY DID NOT GRANT CITY RIGHT TO USE APPELLANTS' PRIVATE SEWER LINE." {¶ 16} In their first assignment of error, appellants contend that the trial court erred in granting summary judgment to the City because the easement executed by appellants on February 24, 2000, and recorded on September 5, 2000, did not grant the City the right to enter upon their property and connect the apartment buildings owned by appellees Loren and Gretchen Raymond and Thomas Clark to Orrville's municipal sewer system. This Court disagrees.
 {¶ 17} In November 1998, appellants needed temporary power for Cross Creek, specifically to provide power to units located on Mathew Drive. At that time, Orrville opted to put in permanent electrical poles.
 {¶ 18} Two years later, appellants asked Orrville to take over the sewer and water for Cross Creek. Orrville informed appellants that it required a utility easement to assume such responsibility. The easement was executed on February 24, 2000, and recorded on September 5, 2000. The easement at issue provides, in pertinent part:
 * * * James P. Carter and Sally A. Carter, husband and wife, Orrville, Ohio, grantor(s), in consideration of One Dollar and other valuable consideration, to be paid by DEPARTMENT OF PUBLIC UTILITIES, grantee, the receipt whereof is hereby acknowledged, do hereby grant, sell, and convey to the CITY OF ORRVILLE for its DEPARTMENT OF PUBLIC UTILITIES, its successors and assigns forever, the perpetual right and easement to erect and maintain water, sewer, and electrical equipment, consisting of fire hydrants, roadway boxes, waterlines, manholes, sewer lines, conduits, cables, poles, wires, and appurtenances, for the purpose of distribution, and transmitting, and using of electricity, on, over, under, and across the following real estate * * *
 "With full right and authority to the grantee, its successors and assigns, to enter at all times upon said premises, for the purpose of constructing, repairing, replacing, maintaining, tapping, or extending conduits, towers, pipes, poles, fire hydrants, roadway valves, or other supports, and wires, with all necessary braces, guys, anchors, transformers, and appurtenances, and stringing upon such towers, poles, or other supports or supporting therefrom, or replacing in such conduits, lines of wire or other conductors for the transmission of electrical energy, water and sanitary facilities, and to trim or remove any trees which at any time may interfere or threaten to interfere with the maintenance of such lines."
 {¶ 19} In the present matter, the parties do not dispute whether an easement exists or the property boundaries that the easement affects. Only the scope of the easement is at issue. Appellants argue that the easement was for electrical utilities only. Orrville maintains that the easement is for the installation and maintenance of electrical, sewer, and water utilities. In construing the scope of an easement, this Court has previously stated:
 "As with any written agreement, the primary purpose in construing an easement is to ascertain the parties' intent. If the intent is plain from the face of the document, then it is not necessary to resort to rules of construction to determine the easement's effect. When the question is the scope of an easement, the court must look to the language of the easement to determine its extent. If there is no specific delineation of the easement in the instrument, or if the delineation is ambiguous, then a court may look to other circumstances to ascertain the intent of the parties or fashion a reasonable interpretation of the easement. We will review the court's interpretation of the easement de novo; any factual finding of intent or reasonableness will be upheld if we can discover competent, credible evidence that supports the trial court's decision." (Internal citations omitted.) (Emphasis omitted.) Murray v. Lyon
(1994), 95 Ohio App.3d 215, 219.
 {¶ 20} Appellants argue that the clause "for the purpose of distribution, and transmitting, and using of electricity, on, over, under, and across" in paragraph one of the easement means that the easement only gave the City the right to erect and maintain electrical lines on appellants' property. The City contends that such an interpretation is flawed in that it ignores the remaining language of the easement which does not support appellants' argument. The City argues that when read in its entirety, the easement specifically allows it to construct and maintain water and sewer utilities in addition to electrical service.
 {¶ 21} When the easement is read as a whole, it is clear that the easement gave the City the right to construct and maintain water and sewer utilities in addition to electrical service. Paragraph two of the easement states, in relevant part:
 "With full right and authority to the grantee, its successors and assigns, to enter at all times upon said premises, for the purpose of constructing, repairing, replacing, maintaining, tapping, or extending conduits, towers, pipes, poles, fire hydrants, roadway valves, or other supports, and wires, with all necessary braces, guys, anchors, transformers, and appurtenances, and stringing upon such towers, poles, or other supports or supporting therefrom, or replacing in such conduits, lines of wire or other conductors for the transmission of electrical energy, water and sanitary facilities * * *."
Paragraph two of the easement makes it clear that appellants are giving the City the right to enter upon the premises to construct, repair, replace, maintain, tap or extend any and all equipment relating to the transmission of water and sanitary facilities.
 {¶ 22} Generally, courts presume that the intent of the parties can be found in the written terms of their contract. Shifrin v. Forest CityEnt., Inc. (1992), 64 Ohio St.3d 635, 638. If a contract is unambiguous, the language of the contract controls and "[i]ntentions not expressed in the writing are deemed to have no existence and may not be shown by parol evidence." Aultman Hosp. Assn. v. Community Mut. Ins. Co. (1989),46 Ohio St.3d 51, 53. If, however, "a contract is ambiguous, parol evidence may be employed to resolve the ambiguity and ascertain the intention of the parties." Illinois Controls, Inc. v. Langham (1994),70 Ohio St.3d 512, 521. Therefore, "[p]arol evidence directed to the nature of a contractual relationship is admissible where the contract is ambiguous and the evidence is consistent with the written agreement[.]" Id. at paragraph two of the syllabus. Terms in a contract are ambiguous if their meanings cannot be determined from reading the entire contract, or if they are reasonably susceptible to multiple interpretations.Butler v. Joshi (May 9, 2001), 9th Dist. No. 00CA0058. "The decision as to whether a contract is ambiguous and thus requires extrinsic evidence to ascertain its meaning is one of law." Ohio Historical Soc. v.Gen. Maintenance Eng. Co. (1989), 65 Ohio App.3d 139, 146. Assuming arguendo that the "purpose" clause in paragraph one of the easement is ambiguous, the City presented evidence as to the parties' intent. The City presented the deposition testimony of appellant James Carter. Through deposition, Carter testified that several of the terms used in the easement have nothing to do with electrical utilities. In addition, the City argued that the fact that electrical poles had been erected in 1998, two years before the easement was granted rendered appellants' interpretation of the easement even more nonsensical. Appellants offered no evidence to dispute the City's arguments.
 {¶ 23} Therefore, this Court agrees with the trial court that, as a matter of law on the uncontested facts, reasonable minds could reach but one conclusion and that conclusion is favorable to appellee. SeeTemple, 50 Ohio St.2d at 327. Accordingly, the trial court was correct in granting summary judgment in favor of Orrville. Appellants' first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY GRANTING CITY OF ORRVILLE SUMMARY JUDGMENT BECAUSE THE CITY HAS NO RIGHT TO USE APPELLANTS' PROPERTY AS IT HAS NOT BEEN DEDICATED TO THE CITY." {¶ 24} In appellants' second assignment of error they argue that in order for the City to have the right to use their property for public use, appellants had to dedicate the property.
 {¶ 25} This Court's resolution of appellants' first assignment of error, renders this assignment of error moot and this Court declines to address it. See App.R. 12(A)(1)(c).
 THIRD ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY GRANTING CITY OF ORRVILLE SUMMARY JUDGMENT BECAUSE THE APPELLANTS ARE NOT ESTOPPED FROM THEIR MANDAMUS ACTION." FOURTH ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY HOLDING THAT APPELLANTS DID NOT HAVE A RIGHT TO A WRIT OF MANDAMUS BY GRANTING SUMMARY JUDGMENT TO CITY OF ORRVILLE." FIFTH ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY GRANTING CITY OF ORRVILLE SUMMARY JUDGMENT AS CARTERS' MANDAMUS CLAIM [WAS] NOT BARRED BY THE STATUTE OF LIMITATIONS." {¶ 26} Appellants' third, fourth, and fifth assignments of error address their mandamus action. Given this Court's finding that the easement entered into in November 1998 gave Orrville the right to enter onto appellants' property to maintain water and sewer lines, appellants' third, fourth, and fifth assignments of error are moot and this Court declines to address them. See App.R. 12(A)(1)(c).
 SIXTH ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO CLARK AND RAYMOND [SIC.]." {¶ 27} In their sixth assignment of error, appellants argue that the City took appellants' sewer line and, therefore, the fact that the Raymonds and Thomas Clark used the sewer line constituted a conversion of appellants' property. Again, this Court's resolution of appellants' first assignment of error renders this argument moot and this Court declines to address it. See App.R. 12(A)(1)(c).
 III. {¶ 28} Appellants' first assignment of error is overruled. The remaining five assignments of error are rendered moot. The decision of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
WHITMORE, P. J. MOORE, J. CONCUR